

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00206-CV
_____

IN THE INTEREST OF S.Y., A CHILD

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 11271, Honorable Stuart Messer, Presiding

August 14, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

"A poor parent is better than no parent," according to the biological parents of SY. They appeal from the trial court's order terminating their parental rights with that child. The parents challenge the order through a single issue, arguing the trial court committed reversible error in contravention of their constitutional rights by finding that termination of their rights was in the child's best interest. We will affirm.

***Background***

In October 2021, SY[1] was removed from her parents' care by the Texas Department of Family and Protective Services after receiving information that the disabled mother had been admitted into the hospital; father was living elsewhere at the time. Later, the Department determined domestic violence had occurred in the home. The parents also had some history of drug and alcohol abuse. Mother is paralyzed and requires the use of a wheelchair. She cannot care for herself or her child without assistance. At the time of the final hearing, she had two caretakers to assist her. Father has a long criminal history and both parents have had children removed from their care in other states.

By the time of the final hearing, SY was placed in a foster home where her sibling had been previously placed. She was "really doing well" there and had made "huge improvements" in her speech. The foster family desires to adopt her and is willing to provide post-termination contact between SY and the parents.

The trial court terminated both parents' parental rights under Family Code section 161.001(b)(1)(D), (E), and (O) and found termination was in SY's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), and (O); § 161.001(b)(2). The findings were upheld after a de novo hearing before the district court.

***Analysis***

The parents do not challenge the predicate grounds on which the trial court terminated their rights. Rather, they contest only the evidence supporting the trial court's finding that termination of their rights was in SY's best interest. We overrule the issue.

---

[1] The record shows SY is of Indian heritage and was enrolled with the Crow, Creek, Sioux Indian Nation. A tribal caseworker testified as an expert at the final hearing.

2

The standards for reviewing the legal and factual sufficiency of the evidence in termination cases are well-established and described in *In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002) and *In re K.M.L.,* 443 S.W.3d 101 (Tex. 2014).  We apply them here.

Next, a determination of best interest necessitates a focus on the child, not the parent.  *In re S.B.*, 597 S.W.3d 571, 585 (Tex. App.—Amarillo 2020, pet. denied). Appellate courts examine the entire record to decide what is in the best interest of the child.  *Id.; In re E.C.R.*, 402 S.W.3d 239, 250 (Tex. 2013).  Further, there is a strong presumption that it is in the child's best interest to preserve the parent-child relationship. *In re S.B.*, 597 S.W.3d at 585; *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006).

In examining the record, courts consider the various non-exclusive factors itemized in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).  They also guide our decision here.  The Department need not prove all of them especially when the evidence illustrates that the parental relationship endangered the safety of the child.  *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (quoting *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002)).  Moreover, evidence supporting one or more statutory grounds for termination may also reflect on the child's best interest.  *See In re E.C.R.*, 402 S.W.3d at 249-50; *see also In re T.C.*, Nos. 07-18-00080-CV, 07-18-00081-CV, 2018 Tex. App. LEXIS 6769, at *13 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.) (failure to challenge any of the statutory grounds for termination is a "tacit concession" that the evidence is sufficient to support those grounds).  That said, we look to the record before us.

The parents argue that the caseworker was utterly "uncredible" and thus, the trial court should not have relied upon her testimony in making its decision.  First, they note

3

she incorrectly testified as to the services the parents had completed, stating they had not completed services that they had, in fact, completed. They also contend that three of the four counselors testified that the parents were invested in their therapies and were improving while the caseworker opined there was no improvement at all. They also claim the caseworker refused to admit that the initial removal of SY was due only to mother's being hospitalized and that the accusations of domestic violence were added later. Essentially, the parents assert that the caseworker had a "personal distaste" for the parents and her opinion was based on that rather than actual evidence, thus rendering insufficient the evidence supporting the trial court's ruling.

The Department disagrees, and we find its assessment of the evidence supporting the trial court's finding to be accurate. First, the parents do not challenge the predicate grounds on which their rights were terminated, and we consider the evidence supporting them in our assessment. *In re E.C.R.*, 402 S.W.3d at 249-50; *In re T.C.*, 2018 Tex. App. LEXIS 6769, at *13.

Next, the Department points to evidence that both parents had children previously removed from their care in other states. Further, mother left North Dakota for Texas due to domestic violence; indeed, allegations of domestic violence against father had been "validated on over seven times" there. "This puts [SY] in great danger of being injured during a fight or argument between [the parents]. Witnessing fighting between her parents could cause also long-term emotional problems, and trauma, for [SY]." Such evidence supports the trial court's finding that termination of the parents' rights was in SY's best interests. *See In re E.D.S.*, No. 07-22-00043-CV, 2022 Tex. App. LEXIS 3211,

4

at *13 (Tex. App.—Amarillo May 11, 2022, no pet.) (mem. op.) (noting similar evidence supported trial court's best-interest finding).

The record also shows continuing behavior by the parents that the trial court could have found detrimental to SY such that termination was in her best interest. In addition to the multiple incidents in 2021, there was also a report made regarding the abuse or neglect of SY due to the condition of the home. In July 2022, police responded when father became upset and punched the air conditioner. Another incident involved mother throwing a toolbox while upset at herself and because father had walked off. And, an incident occurred just prior to the initial final hearing, leading mother to send to a caseworker a text message that said she told father "to leave, because she could not take him not changing his behavior anymore and him mistreating her, and that she did not want her number to be passed to him." *See In re M.T.*, No. 07-19-00320-CV, 2020 Tex. App. LEXIS 1476, at *10 (Tex. App.—Amarillo Feb. 2020, no pet.) (mem. op.) (continuing domestic violence in the home found to be against the children's best interests because parent unable to provide a safe living environment). Despite this, neither parent completed all the services intended to help them break the cycle of domestic violence. *In re K.J.C.*, Nos. 07-18-00395-CV, 07-18-00400-CV, 2019 Tex. App. LEXIS 1429, at *8 (Tex. App.—Amarillo Feb. 26, 2019, pet. denied) (mem. op.) (among other things, failure to comply with the family service plan supports a finding that termination is in the best interest of the child). And, to the extent some services were completed, one or more parents failed to learn from them and alter their behavior, according to one witness.

To this, we add the testimony of January Hawk, a representative for the Crow, Creek, Sioux Tribe. She stated she worked in the ICWA Department for the Tribe and is

5

a Tribe member. She was deemed an expert to testify as to her opinions and the Tribe's position concerning SY. She opined that, from her review of the file concerning the family, she saw a "continued cycle of intimidation, verbal, physical, any which way you can break a person down, that's what I see here. And again, that's physically, emotionally, verbally, spiritually, financially, is what I see in these records." Such evidence supports the trial court's finding as it is in the child's best interest to be protected from repeated exposure to domestic violence, even when that violence may not be directed at her. *See In re J.I.T.P.*, 99 S.W.3d 841, 846 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *see also In re J.D.*, No. 07-23-00091-CV, 2023 Tex. App. LEXIS 5409, at *26-27 (Tex. App.—Amarillo July 25, 2023, no pet. h.) (mem. op.) (noting same concerning endangerment under (E)). Hawk agreed that returning custody to the parents would be detrimental to SY. And, she acknowledged that the Tribe agrees that it is in the best interest for SY and her sibling to remain together, wherever they are placed.

Added to that evidence is father's admission that he and mother had physical altercations and would fight while SY was in another room. He also admitted to using methamphetamine in the past, and mother testified there had been drug use in their home. Reports were made that she had also used drugs while pregnant with the child. The record also shows father has a significant criminal history, with several of the offenses involving violence. And, father had pending criminal issues at the time of the final hearing. Such evidence supports a finding that termination of parental rights is in the child's best interest. *In re D.M.*, 58 S.W.3d 801, 817 (Tex. App.—Fort Worth 2001, no pet.) (inability to maintain a lifestyle free from arrests and incarcerations is relevant to a best interest determination). Evidence in the record also shows father does not have a stable source

of income and that mother is wheelchair bound, unable to work, and receiving nominal disability payments.

The evidence shows, that in addition to other issues, the parents continue to be in a cycle of domestic violence that they cannot seem to change. *See In re K.V.C.*, No. 04-22-00150-CV, 2022 Tex. App. LEXIS 6244, at *15 (Tex. App.—San Antonio Aug. 24, 2022, pet. denied) (mem. op.) (finding inability of parents to break the cycle of domestic violence supported the trial court's finding that termination was in the best interest of the child); *see also In re K.R.M.*, No. 07-13-00429-CV, 2014 Tex. App. LEXIS 2979, at *6 (Tex. App.—Amarillo March 17, 2014, no pet.) (mem. op.) (noting past conduct may be viewed as indicative of future conduct). In contrast, SY is "doing extremely well" in her foster home with her younger brother. She was placed there in December 2022, and her foster parents indicated a desire to adopt her. She had progressed and her speech had improved significantly. *In re J.D.*, 436 S.W.3d 105, 120 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (stability and permanence are paramount in the upbringing of children). Further, the foster family wants the parents to remain part of SY's life, have provided weekly pictures to mother, and have set up a Google voice number to make contact.

We conclude the evidence was legally and factually sufficient to support the trial court's finding that termination of the parents' rights was in SY's best interest. Thus, the sole issue before us is overruled. As for the belief that "a poor parent is better than no parent," children are entitled to a better lot in life, and the Department must serve that end. The trial court's order of termination is affirmed.

Brian Quinn
Chief Justice

7